430 So.2d 810 (1983)
Herman FONTENOT, et al., Plaintiff-Appellant,
v.
Dewey MARKS, Defendant-Appellee.
No. 82-810.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*811 White & Pitre, Joshua Pitre, Opelousas, and Aaron Harris, for plaintiff-appellant.
Olivier & Brinkhaus, John L. Olivier, Sunset, for defendant-appellee.
Before FORET, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Plaintiffs in this boundary action appeal the trial court's rejection of their plea of thirty years acquisitive prescription. Defendants answered the appeal contesting part of the boundary as fixed by the trial judge and his assessment of court costs. We affirm.
The Fontenots instituted this boundary action alleging the line of division between the contiguous estates had been destroyed when trees were cleared and prayed that the court appoint a surveyor to fix the boundary between the properties. Alternatively, plaintiffs alleged ownership of the disputed tract by uninterrupted adverse possession of thirty years.
The boundary in dispute is that which defines the west side of the Fontenot estate and the east line of the Dewey Marks estate as seen in the survey, reproduced in pertinent portion with notations, attached hereto as Appendix "A". The controverted boundaries form a long triangular shaped strip running north and tapering at the south end. The Marks contend their property is rectangular, bordered on the east by line A-B, and rely on their deed and the aforementioned survey whereas the Fontenots contend their property extends beyond that claimed by defendants and claim their ancestor in title formed a boundary by blazing or hacking[*] a line along the wooded hypotenuse of the disputed strip.
Alternatively, appellants claim ownership by acquisitive prescription of an irregular shaped tract in the north of the disputed strip and rely on the vestiges of a fence. The fence ran north along the line designated A-B then deviated west therefrom through point (X) to point (Z). The vertex formed by lines west and south of point B constitute the north and east bounds, respectively, of said tract.
The property in question has been used for various purposes over time including timber, raising of livestock, and cultivation of crops. The fence referred to hereinabove was destroyed when the land was cleared for cultivation, however, vestiges remain.
After receiving the opinion of the court-appointed surveyor and after trial on the merits, the trial judge found that the plaintiffs failed to establish possession sufficient to sustain their plea of acquisitive prescription except as to the fence line deviating from line A-B and proceeding north to points designated as and
The substantial issue on appeal is whether the rulings relative to acquisitive prescription were correct. Appellants assert the boundary should be fixed at the line blazed by their ancestor. Appellees contend the trial court erred in fixing the boundary at the fence line and, instead, it should be *812 fixed entirely along Line A-B. Additionally, appellees contest the assessment of costs.
LSA-C.C. Art. 792 provides that "The Court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession." Only bounds of ownership as established by possession are disputed in this appeal.
The applicable law was set forth in LeBlanc v. LaBorde, 368 So.2d 1126 (La.App. 3rd Cir.1979) wherein this court stated:
"[W]here there is a visible boundary and where there has been actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds, then the party who possesses acquires the right to the land beyond their title. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Brookshire v. Guidry, 355 So.2d 559 (La.App. 3 Cir.1978).
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Martin Timber Company v. Taylor, 187 So.2d 196 (La. App. 3 Cir.1966). There must have been not only evidence of a corporeal possession of the property for the required period of time, but also a positive intent to possess as the owner shown by the possessor during the time. William T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir.1977). Finally, the tacking of possession of all predecessors in title is permitted for acquisitive prescription beyond title to a visible boundary. Dubois v. Richard, 223 So.2d 198 (La.App. 3 Cir.1969)."
We note that in a boundary action, the boundary's location is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Richardson v. Scrantz, 385 So.2d 1269 (La. App. 3rd Cir.1980); Simmons v. Toliver, 422 So.2d 729 (La.App. 3rd Cir.1982).
Three of the appellants, children of Edward Fontenot, Sr., stated that when they were children their father, in 1919, marked the western boundary by blazing trees. They further testified that, after their father's death, they maintained the property to the same extent and sold timber off this property. However, as a general rule, the cutting of timber is not sufficient notice manifesting possession. Jacobs v. Southern Advance Bag & Paper Co., 228 La. 462, 82 So.2d 765 (1955) and cases cited therein. Moreover, Mr. Bert Stelly, a bulldozer operator who cleared the property west of Line A-B, testified that he did not see any blazed trees. Mr. Lester Woods and Mr. Jack Beard testified to the same effect. The trial judge could have easily concluded that the vestiges of hacking were insufficient to challenge attention especially where a fence line within the disputed tract was more suggestive of adverse possession. Whether the trial judge's decision was premised upon the credibility of the witnesses, the sufficiency of evidence of adverse possession or visible bounds, we find no manifest error.
With regards to the fence line, from our review of the record, we cannot say the trial court erred in finding the plaintiffs had established the existence of the fence and possession to the fence by plaintiffs and their ancestors in title for more than 30 years. The Fontenots maintained the property within the fence in excess of 30 years using it for both agricultural purposes and cutting timber. "An obvious public interest requires that boundaries established for more than thirty years should not be disturbed, and the law so provides." William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977). Accordingly, plaintiffs are entitled to have their boundary fixed *813 along the fence line notwithstanding the subsequent clearing of the wooded area within the fence line by the record owners, appellees. Accord: Travis v. Lake Superior Piling Co., 401 So.2d 432 (La.App. 1st Cir. 1981).
Appellee's contention that the trial court erred in imposing one-fourth of the court costs upon defendant is without merit. LSA-C.C. Art. 790 provides that when a boundary is fixed judicially, court costs are taxed in accordance with the rules of the Code of Civil Procedure which, in turn, grants courts great discretion in casting costs as equity so requires. The general rule is that the fixing of a boundary is of benefit to both parties to the action, hence the costs should be shared. Simmons v. Toliver, supra; Smith v. Overton, 417 So.2d 872 (La.App. 1st Cir.1982); Babin v. Montegut Ins. Agency, 271 So.2d 642 (La.App. 1st Cir.1972).
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are to be divided equally between parties.
AFFIRMED.
*814 
NOTES
[*] The marking of a tree by cutting the bark.