FRED S. BOWES, Judge Pro Tem.
Plaintiffs appeal a judgment of the trial court dismissing their petition to fix a boundary as per a survey commissioned by plaintiffs in 1979. We affirm but remand for a fixing of a boundary. The facts are as follows.
Eb Farris was a common ancestor in title to a tract of land, acquired by patent from the state of Louisiana in 1946. Under La. R.S. 41:541-552, then in full force and ef- *391 feet, Mr. Farris apparently applied for a homestead entry on the subject property which had been adjudicated to the State for unpaid taxes in 1935. According to his testimony, Mr. Farris applied for such entry in 1938 or 1939 (under the statute he was precluded from doing so until 3 years after the tax adjudication). At the time entry was granted, Mr. Farris built a fence, attempting to divide into equal portions the north and south halves of the property. The fence was constructed according to a measurement commissioned by Mr. Farris, which measurement was made with a “hundred foot tape” — there was no actual land survey made at that time.
In 1946, the patent issued to Mr. Farris, describing the land thusly:
That part of N.W. S.W. lying W. of K.C.S. Ry. ... in Section No. Seven (7) in Township No. Seven (7) South Range No. Ten (10) West in the South Western Land District, Parish of Calcasieu containing 10.32 acres according to the official plat of the survey of said land in the State Land Office.
Several days after the patent issued, on December 11, 1946, Eb Farris sold the north part of the land to his brother, Ocie Farris, defendant in the present suit. The act of sale described this portion sold:
The North Half of that part of N.W.S.W. lying W of K.C.S. Ry. of Section 7, Township 7 Range 10, Together with all Improvements.
On January 25, 1947, Eb Farris sold to Max and Emma Wilkinson the south parcel described as the:
South parcel of that part of N.W.-S.W. lying W. of K.C.S. Ry. of Section No. Seven (7) in Township No. 7 (Seven) of Range No. Ten (10) Parish of Calcasieu, Louisiana, containing 5.32 acres.
Plaintiffs acquired title to the south panel by a series of sales and re-sales. During one of the various acquisitions prior to plaintiff's purchase, there was one curious change in the property description. Max Wilkinson sold that portion to a D.R. Wilkinson in 1948 with a somewhat varying property description:
All that certain lot or parcel of land described as the South one-half (S ½) of that part of the Northwest Quarter of the Southwest Quarter (N W Vi of S W Vi) lying West of the K.C.S. Railway in Section Seven (7) Township Seven (7) South Range Ten (10) West containing five and thirty two hundreths acres (5.32) more or less.
In 1979, plaintiffs caused a survey to be made and discovered that their land behind the fence contained 4.62 acres, not 5.32 acres. This survey attempted to establish a boundary substantially to the north of the old fence. Plaintiffs filed suit asking the court to recognize the 1979 survey as depicting the actual boundary.
After trial on the merits, the court found that the fence line had been in existence prior to 1946, that Ocie Farris had claimed ownership of all the northern property to the fence line, and that no question as to the accuracy of the fence line was raised until 1979. The court concluded that Mr. Farris had established the boundary to the fence line by acquisitive prescription of 30 years and dismissed plaintiff’s action.
On appeal, plaintiffs urge that prescription was not properly pleaded and so judgment was improper; that the evidence does not support the court’s findings; and that the judgment failed to set forth an actual boundary as mandated by C.C.P. art. 3693.
Plaintiffs cite the case of Gallo v. Sorci, 221 So.2d 570 (La.App. 4th Cir.1969) as authority for their contention that prescription must be specially pleaded and that defendants’ failure to do so was fatal to that defense.
It is apparent from the record that defendants’ answer to the petition was basically a general denial which did not specifically aver acquisitive prescription as a defense. However, the entire thrust of the case, from the point of view of both plaintiff and defendant, was the issue of the fence, its location, and the date that it was erected. Plaintiff attempted to prove that the fence had not existed continuously for 30 years or more; defendant sought to *392 prove that it had. It is obvious from the record that evidence as to the issue of prescription was offered at trial without objection. The question before us is whether such fact enables us to treat the pleadings as having been enlarged under C.C.P. art. 1154.
In Gallo, the 4th Circuit held that article 1154 did not permit amendment to the pleadings to conform to the evidence “when the pleading to be supplied is a peremptory exception which the Code of Civil Procedure expressly requires to be specially pleaded.” Gallo involved a question of liberative prescription.
However, in Montgomery v. Breaux, 297 So.2d 185 (La.1974), the Supreme Court refused to limit the plea of acquisitive prescription to that of an exception.
We need not and we do not hold that prescription acquirendi causa cannot be pleaded as an affirmative defense, an incidental demand or by other procedures. This prescription may be utilized by plaintiffs as well as defendants. Therefore, a limitation on the assertion of the plea through an exception could be improper. That issue, however, is not before the Court.
Research into our jurisprudence does not disclose any mandate that acquisitive prescription must be raised only through a peremptory exception. C.C.P. Article 921 defines an exception as a defense used by the defendant to retard, dismiss or defeat a demand brought against him. As noted by the Supreme Court in Montgomery, this acquisitive prescription may be utilized by a plaintiff as well as a defendant; it appears to this court that a limitation on the assertion of this plea through an exception is improper.
In the present case, the record supports our conclusion that the plea of acquisitive prescription was raised as an affirmative defense and where such evidence was admitted without objection, the pleadings have been enlarged, under C.C.P. 1154, to include acquisitive prescription.
Moreover, the evidence adduced at trial convinces us that the trial court was correct in its finding that the defendants proved continuous, uninterrupted, public and unequivocal possession sufficient to establish acquisitive prescription.
La.C.C. art. 792 states:
The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession.
The property descriptions in the various transactions do not set up or allude to boundaries between the northern and southern parcels of land in question. The only survey was made of plaintiff's tract, and did not include the defendants’ land. As the trial judge found, the evidence did not permit the court to establish whether the fence line in question actually divided the true acreage in half. Therefore, the boundary must be fixed not by actual ownership, which is in question, but by possession.
Eb Farris testified that he built the original fence between the north and south parcels shortly after he was granted entry in 1938 or 1939. He had had the land measured and constructed the boundary at what was found, by that measurement, to be the middle of the property. He further stated that he visited his brother regularly throughout the ensuing years and that the fence continued to exist, and had never been taken down.
Ocie Farris testified that the fence between north and south was already in existence when he bought the property. He kept horses on the land which necessitated having and keeping the entirety of his property fenced. Two other witnesses, neighbors of both parties, testified positively that the fence existed at least by 1946, and that Mr. Farris kept horses and cows on the land until a couple of years before the trial.
The plaintiff, Calvin Hyde, testified that in 1954, he helped Mr. Farris reconstruct the old fence — there were posts, but could not remember if there was any remaining *393 barbwire on the posts. Mrs. Vivian Cooper, one of the plaintiffs, also stated that there were posts but that some of the fence was down. Moreover, she stated that she was aware that Mr. Farris claimed the land north of the fence.
Charles Cooper testified that, in 1966, the old structure (fence) still existed, and, in 1979, was “partially” still in existence. There were strands of wire throughout most of the fence posts. Photographs taken by Mr. Cooper in 1979 show what appears to be a clear line of demarcation consisting of old fence posts, barbed wire and some trees, which he identified as the “old fence.” Considering all the evidence, we find no manifest error in the trial judge’s finding that the fence line has been in existence since at least 1946.
C.C. Art. 794 states:
Determination of ownership according to prescription
When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.
In Williams v. Peacock, 441 So.2d 57 (La.App. 3rd Cir.1983), the Court delineated the burden of proof in boundary actions involving acquisitive prescription:
As this court stated in Fontenot v. Marks, 430 So.2d 810 (La.App. 3rd Cir. 1983):
The applicable law was set forth in LeBlanc v. LaBorde, 368 So.2d 1126 (La.App. 3rd Cir.1979) wherein this court stated:
“[W]here there is a visible boundary and where there has been actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds, then the party who possesses acquires the right to the land beyond their title. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Brookshire v. Guidry, 355 So.2d 559 (La.App. 3 Cir.1978).
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Martin Timber Company v. Taylor, 187 So.2d 196 (La.App. 3 Cir. 1966). There must have been not only evidence of a corporeal possession of the property for the required period of time, but also a positive intent to possess as the owner shown by the possessor during the time. William T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir.1977). Finally, the tacking of possession of all predecessors in title is permitted for acquisitive prescription beyond title to a visible boundary. Dubois v. Richard, 223 So.2d 198 (La.App. 3 Cir. 1969).”
We note that in a boundary action, the boundary’s location is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Richardson v. Scrantz, 385 So.2d 1269 (La.App. 3rd Cir.1980); Simmons v. Toliver, 422 So.2d 729 (La.App. 3rd Cir.1982).
We agree with the trial court that Mr. Farris occupied the property by living on it and keeping livestock and, therefore, exercised the requisite possession. The evidence also clearly demonstrates an intent to possess, as even Mrs. Cooper knew Mr. Farris claimed the land north of the fence. Under C.C. Art. 794, the party claiming acquisitive prescription bears the burden of proving the necessary possession. Defendants have carried their burden of proof.
However, La.C.C.P. Arts. 3692-3693, with regard to boundary actions, state:
*394 Art. 3692. Appointment of surveyor by court; duties of surveyor
The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties.
Art. 3693. Evidence; judgment
After considering the evidence, including the testimony and exhibits of a surveyor or other, expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties.
The wording of Art. 3693 is clearly mandatory in that the court shall render judgment fixing the boundary. Although the learned trial judge stated in his well-written opinion that he felt that the existing fence line is the proper boundary, the judgment does not fix any boundary between the parties; and it appears that the intent of the foregoing articles is to fix a boundary by giving precise measurements so as to put a final end to the dispute.
Therefore, this matter is remanded to the trial court with instructions to precisely fix the boundary in the judgment in accordance with Articles 3692-3693 above either by considering the evidence and testimony already adduced or, if necessary, and in its discretion, to appoint a surveyor under C.C.P. Art. 3692 to assist him in this task.
Appellant is taxed with all costs of this appeal accumulated thus far.
AFFIRMED AND REMANDED.