634 So.2d 1305 (1994)
Donald R. PHILLIPS, Plaintiff-Appellant,
v.
Joseph Jefferson FISHER, Jr., et al., Defendant-Appellee.
No. 93-928.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Writ Denied May 6, 1994.
*1306 David Kent Savoie, Sulphur, for Donald R. Phillips.
Henry Alan McCall, Lake Charles, for Joseph Jefferson Fisher Jr. et al.
Before WOODARD and DECUIR, JJ., and BERTRAND[*], J. Pro Tem.
WOODARD, Judge.
This is an appeal from a judgment dismissing plaintiff's thirty year acquisitive prescription claim.

FACTS
On July 17, 1989, plaintiff, Donald R. Phillips, filed a petition for a declaratory judgment, asking to be recognized as owner of *1307 forty acres in Calcasieu Parish described as follows:
The Southeast Quarter of the Southeast Quarter of Section 33, Township 8 South, Range 13 West, Parish of Calcasieu, State of Louisiana.
Defendants are the record owners of this forty acre tract of land, which we will sometimes refer to as the "Fisher tract." Plaintiff claims he acquired the tract by thirty year acquisitive prescription by openly and adversely possessing the Fisher tract since June 17, 1959.
On August 29, 1989, defendants filed a reconventional demand against plaintiff seeking damages for the timber plaintiff harvested from the property. Plaintiff filed an exception of prescription as to the reconventional demand on December 18, 1992, after completion of the trial on the merits.
Plaintiff is the owner of a twenty acre tract of land directly north of and contiguous with the forty acre Fisher tract at issue. Plaintiff maintains that, in May and June of 1959, he erected a fence around the entire forty acre tract with the intent to possess the land and acquire it by thirty year acquisitive prescription. Plaintiff also fenced in the northern twenty acre tract, however, his intent was to acquire ownership of this lot by purchasing it, which he did in 1964.
After fencing in the land in 1959, plaintiff claims he maintained open and continuous possession of the disputed tract through various acts of possession, including clearing the area, building a lean-to shed in which he kept a mule, grazing cattle, maintaining a garden, cutting timber, and later building a barn and constructing a pond.
After a trial on the merits, the trial court concluded that plaintiff failed to carry his burden of proving thirty years acquisitive prescription. The trial court also found that plaintiff unlawfully cut trees from the disputed property, but the evidence was inconclusive as to how much timber was actually cut by plaintiff, so the trial court denied defendant's claim for damages. The judgment of the trial court did not address plaintiff's exception of prescription.
Plaintiff now appeals and asserts the following assignments of error: (1) the trial court erred in holding that plaintiff failed to prove his claim of thirty years acquisitive prescription; (2) the trial court erred in considering evidence of defendants' possession in making its decision; and (3) the trial court erred in not ruling on the exception of prescription filed by plaintiff in relation to defendant's reconventional demand. Defendants answered the appeal and request damages for plaintiff's violation of La.R.S. 3:4278.1 in cutting timber from the disputed tract without the landowners' permission. We affirm the judgment of the trial court.

ACQUISITIVE PRESCRIPTION
Plaintiff asserts the trial court erred in finding that he failed to prove he acquired the forty acre Fisher tract by thirty years acquisitive prescription.
Immovable property may be acquired through thirty years acquisitive prescription without good faith or just title. La. C.C. art. 3486. The party asserting acquisitive prescription bears the burden of proving all the facts that are essential to support it. Humble v. Dewey, 215 So.2d 378 (La.App. 3 Cir.1968). A possessor will only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds. La.C.C. art. 3476; Suire v. Primeaux, 363 So.2d 963 (La.App. 3 Cir.), writ denied, 365 So.2d 243 (La.1978); Allen v. Martino, 529 So.2d 90 (La.App. 1 Cir. 1988). He must also prove that he intended to possess as owner, adverse to the actual owner, for the required thirty years. La. C.C. art. 3424.
The trial court found that plaintiff failed to carry his burden of proof in that he failed to prove when his possession commenced and that his adverse possession was continuous. Whether a party has possessed property for purposes of thirty year acquisitive prescription is a factual determination by the trial court and will not be disturbed on appeal unless it is clearly wrong. Romar v. Estate of Gay, 454 So.2d 431 (La.App. 3 Cir.1984). Furthermore, where findings are *1308 based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Plaintiff claims he fenced the disputed tract in June, 1959, and that he thereafter corporeally possessed the property by clearing brush from the area, grazing cattle, planting a garden, harvesting timber, and building a barn on the tract.
Defendants presented the testimony of Mr. Buddy Harris, an expert in the field of land surveying. Mr. Harris testified there was no fence along the southern boundary of the Fisher tract when he conducted a survey of the area in May, 1972. Another witness, Mr. James Lloyd "Snooks" Dean, stated in his deposition testimony that he used to periodically inspect the Fisher property in 1975 and he never saw a fence enclosing the area or any cattle on the property. Mr. Dean was employed by the landowners and if he had noticed anything indicating adverse possession of the property, he would have reported it directly to the landowners. Defendants claim they had no notice of plaintiff's activities on the land until this lawsuit was filed.
Defendants also presented the testimony of Mr. Bruce Willis, an expert in forestry and aerial photography. Mr. Willis inspected aerial photographs of the Fisher tract which were taken in 1963, 1968, 1978, and 1981. Mr. Willis testified that the 1963 photograph showed absolutely no activity on either the forty acre Fisher tract or plaintiff's twenty acre tract. There was no evidence of the shed or garden that plaintiff claims to have maintained on the property at that time. There was also no evidence of any clearing or cutting in the area. The photographs do not reveal whether the area was surrounded by a fence.
The 1968 photograph shows much activity on plaintiff's twenty acre tract, which is consistent with plaintiff's testimony that he moved onto the tract in 1967, but there is again no evidence of any activity on the Fisher tract. It is not until the 1978 photograph that Mr. Willis found activity on the Fisher tract; he testified that there was a barn on the property and that there had been some clearing of the area and some timber cut.
Actual corporeal possession is necessary to commence thirty years acquisitive prescription, and external and public signs are required to keep possession running. Lasseigne v. Clement, 311 So.2d 600 (La.App. 4 Cir.), writ denied 313 So.2d 846 (La.1975). In light of the expert and contradictory testimony presented at trial, we find no manifest error in the trial court's determination that plaintiff failed to carry his burden of proving thirty year acquisitive prescription.
A trial court's decision on acquisitive prescription is a factual determination and cannot be reversed on appeal unless manifestly erroneous. Meridian Land & Mineral Corporation v. Bagents, 30 So.2d 563 (La.1947); Aymond v. Smith, 476 So.2d 1081 (La.App. 3 Cir.1985). Furthermore, a trial court's findings based on determinations regarding the credibility of witnesses demand great deference and are virtually never manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In light of the expert and contradictory testimony presented at trial, we find no manifest error in the trial court's determination that plaintiff failed to carry his burden of proving thirty year acquisitive prescription.

THE TIMBER
In their reconventional demand, defendants sought damages for the timber plaintiff harvested without their permission. After the trial was concluded, but before judgment was rendered, plaintiff filed an exception of prescription to defendants' claim for damages. The trial court did not address plaintiff's exception, but instead found that plaintiff violated La.R.S. 3:4278.1 when he unlawfully cut trees from the Fisher tract. No damages were awarded, however, because defendants failed to prove how much timber plaintiff actually cut.
Plaintiff assigns as error the trial court's failure to rule on the exception of prescription. An exception of prescription is a peremptory exception and La.Code Civ.P. art. 929 provides that, "The peremptory exception *1309 may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision ..." When a case is submitted to the court for a decision, the case passes from the control of the parties and their attorneys, and no peremptory exception can thereafter be filed. Merchants Adjustment Bureau v. Malta, 102 So.2d 781 (La.App. 2 Cir.1958), citing O'Hara v. City of New Orleans, 30 La.Ann. 152 (1878).
The trial on the merits was concluded September 10, 1992. The trial court took the matter under advisement and granted the parties additional time, totalling thirty-five days, in which to submit post-trial memoranda. Plaintiff's exception of prescription was not filed until December 18, 1992. At this point, the case had clearly been submitted to the court for a decision; thus, the exception was not timely filed. This assignment of error has no merit.
Our final issue for consideration is defendants' assertion that the trial court erred in failing to award damages for the timber plaintiff harvested without their permission. After a thorough review of the record, we find no error in the trial court's judgment on this issue. Although plaintiff admitted to cutting timber on the disputed tract, defendants had granted various timber contracts on the property during this same period of time. There is no evidence of the amount of timber actually cut by plaintiff. Defendants have thus failed to prove the amount of any damages to which they may have been entitled.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.