692 So.2d 535 (1997)
CROWELL LAND & MINERAL CORPORATION, Plaintiff-Appellant,
v.
George FUNDERBURK, et al., Defendants-Appellees.
No. 96-1123.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
Edwin Cabra, Leesville, for Crowell Land and Mineral Corp.
Elvin Clemence Fontenot, Jr., for George Funderburk, et al.
Before COOKS and PETERS, JJ., and BABINEAUX, J. Pro Tem.[1]
*536 PETERS, Judge.
The plaintiff, Crowell Land and Mineral Corporation (Crowell), brought this action to be recognized as the owner of certain immovable property in Vernon Parish, Louisiana, and to be placed in possession of the property. At the time the suit was filed, the property was in the possession of the defendants, George and Victoria Funderburk.[2] The trial court rendered judgment in favor of the defendants, finding that they had acquired ownership of the property through thirty-years acquisitive prescription. The plaintiff has appealed that judgment.

DISCUSSION OF THE RECORD
In the 1930's, Prudum Edwards and his wife, Beulah, acquired thirty to forty acres of land located in the Northeast Quarter of Section 17, Township 4 North, Range 7 West, in Vernon Parish.[3] The eastern property line of the property acquired was the dividing line between Sections 16 and 17 of Township 4 North, Range 7 West. After the purchase, Mr. and Mrs. Edwards not only took possession of the property they had purchased in Section 17 but also fenced approximately five and one-half acres of land in the western portion of the Northwest Quarter of Section 16. It is this five and one-half acres in Section 16 which is the subject of this litigation.
Mrs. Edwards testified that she and her husband constructed a fence around the disputed property in 1938 or 1939 in order to use it as a pasture for their horses and cattle. According to her, they continued to pasture their livestock on this property until 1950 at which time they disposed of their livestock. She further testified that from 1950 until 1961, neither she nor her husband made any use of the property and did not even maintain the fences.
In 1961, Mr. and Mrs. Edwards allowed the Funderburks to place a camper trailer on the disputed property. Mrs. Funderburk testified that when she and her husband moved onto the land, the fence was still in place but had fallen down in places. They repaired the fence, planted Bermuda grass, and used the property to pasture their cattle.
In 1964, the Funderburks purchased two acres of the property belonging to Mr. and Mrs. Edwards in Section 17. The property purchased was located in the Southeast corner of the property owned by Mr. and Mrs. Edwards, and its eastern boundary was the western boundary of part of the disputed property.
The Funderburks continued to reside in their camper trailer on the disputed property until they completed construction of their home on the property purchased in Section 17. They continued to use the disputed property, and in 1989, they built a store on the property in Section 16. In connection with the store, they had gasoline tanks installed; these tanks have now floated to the surface and will require removal.
It is Mrs. Funderburk's contention that she and her husband acquired the land in dispute by the acquisitive prescription of thirty years. The trial court rendered judgment in favor of Mrs. Funderburk, finding that she had acquired the land by thirty-years acquisitive prescription by tacking her possession to that of her predecessors in title, Mr. and Mrs. Edwards.

OPINION
Crowell contends that the trial court erred in allowing the tacking of defendants' ancestors in title's possession to the defendants' possession in order to satisfy the requirement of thirty years of adverse possession.
*537 A titleholder may acquire more land than his title calls for by possessing property beyond his title without interruption and within visible bounds for thirty years. La.Civ.Code art. 794. The titleholder does not need to be in good faith or have just title to acquire the additional land. La. Civ.Code art. 3486. The party asserting acquisitive prescription bears the burden of proving all of the essential facts to support it. Phillips v. Fisher, 93-928 (La.App. 3 Cir. 3/2/94); 634 So.2d 1305, writ denied, 94-0813 (La.5/6/94); 637 So.2d 1056. The adverse possessor must prove that he intended to possess the property as owner. Id. "A possessor will only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds." Id. at p. 3; 634 So.2d at 1307; La.Civ.Code art. 3476.
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years.
Cooper v. Farris, 491 So.2d 390, 393 (La.App. 3 Cir.1986) [quoting Fontenot v. Marks, 430 So.2d 810 (La.App. 3 Cir.1983)].
Thus, Mrs. Funderburk had the burden of proving not only that she and her husband had corporeal possession of the property for the required time period but also that they had a positive intent to take and commence possession of the property as owners. McDaniel v. Roy O. Martin Lumber Co., Inc., 560 So.2d 676 (La.App. 3 Cir. 1990). Whether a party has possessed property for purposes of thirty-years acquisitive prescription is a factual determination which will not be disturbed on appeal in the absence of manifest error. Phillips, 93-928; 634 So.2d 1305.
Under La.Civ.Code art. 3427, "[o]ne is presumed to intend to possess as owner unless he began to possess the property in the name of and for another." Although the trial court did not make a specific finding as to the Funderburks' intent to possess as owners, we can easily discern such intent from the record. There has been no dispute that the Funderburks intended to possess the land as owners, and the record contains no evidence that the defendants or their ancestors in title possessed the property for anyone other than themselves. The mere fact that a non-owner has physical possession of the land provides sufficient notice to the record owner and the public at large that a non-owner intends to possess the property for himself as owner. Chevron U.S.A., Inc. v. Landry, 558 So.2d 242 (La. 1990).
Thus, the only question which remains to be resolved is whether the Funderburks had corporeal possession of the property for the required length of time. According to the testimony adduced at trial, Mr. and Mrs. Funderburk began to possess the property sometime in 1961 when they moved a camper trailer onto the land. Prescription is interrupted when the owner commences an action against the possessor. La.Civ.Code art. 3462. Thus, prescription was interrupted on October 31, 1990, when Crowell filed the present action. It is clear from these dates that the Funderburks' possession, standing alone, would be insufficient to establish adverse possession of the property for the requisite thirty years.
The Funderburks have sought to tack their possession to that of their ancestors in title in order to prove possession of the land for the necessary length of time. Since the property was not included in their title, in order for them to successfully apply the principle of tacking, they must prove that they and their ancestors in title exercised possession of the disputed tract up to a visible boundary. McDaniel, 560 So.2d 676. "For purposes of acquisitive prescription without title, possession extends only to that which has been actually possessed." La.Civ.Code art. 3487. The nature of the land determines what possession is necessary to support prescription. Chevron U.S.A., 558 So.2d 242.
Crowell's main assertion at trial and in brief is that there has been an interruption of possession. Mrs. Edwards testified that she and her husband originally fenced the property in 1938 or 1939 and used it as a *538 pasture for their horses and cows but that they completely quit using the land for any purpose around 1950. No further use of the property was made until 1961, when the Funderburks moved their camper trailer onto it. Thus, from 1950 until 1961, no acts of possession were exercised on the property. Defendants argue that La.Civ.Code art. 3443 is applicable to this situation; it provides:
One who proves that he had possession at different times is presumed to have possessed during the intermediate period.
This presumption has been effectively rebutted by the testimony presented in this case. Mrs. Edwards admitted that neither she nor her husband nor anyone acting on their behalf possessed the property from 1950 until 1961. Mrs. Funderburk testified that her knowledge about the land only encompasses 1961 to the present. She has no knowledge of what was done on the land prior to 1961, and she admitted that the fence, built by Mr. Edwards, was falling down when she and her husband moved onto the land.
We conclude that Crowell successfully proved that the Funderburks and their ancestors in title failed to continuously possess the property for the requisite thirty years. Accordingly, we find that the trial court erred in finding that the Funderburks had acquired title to the property through thirty years of acquisitive prescription.

DISPOSITION
For the foregoing reasons, the judgment of the trial court is reversed and all costs are assessed to defendants-appellants.
REVERSED.
NOTES
[1] Honorable Allen M. Babineaux participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.
[2] George Funderburk died sometime after the filing of the original petition in this suit on October 31, 1990. By a supplemental petition filed September 6, 1991, Mr. Funderburk's heirs were added as party defendants to this action. However, by motion and order dated October 14, 1993, all of the defendants except Victoria Funderburk were dismissed without prejudice from the litigation.
[3] Mrs. Edwards testified that she and her husband purchased forty acres. However, the deed of acquisition of Mr. and Mrs. Funderburk refers to thirty acres. In any event, the quantity purchased initially by the Edwards is not dispositive of the issue before this court.