707 So.2d 1298 (1998)
James and Sheryl NEELY, Jr., Plaintiff-Appellee,
v.
Charles Edward TURNER, et al., Defendants-Appellants.
No. 97-1125.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Rehearing Denied April 3, 1998.
*1300 Brent Stafford Gore, Ferriday, for James and Sheryl Neely, Jr.
Norman Magee, Ferriday, for Charles Edward Turner, et al.
J. Carl Parkerson, Swartz, for Charles James.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal from a judgment in a petitory action, ordering Charles James to remove various encroachments from the property of James and Sheryl Neely and awarding damages.

FACTS
James and Sheryl Neely bought Lot 17 of a subdivision on Lake St. John in Concordia Parish from original defendants, Edward and Melody Turner. Defendant, Charles James, owns the adjoining lot in the same subdivision, or Lot 16. The Neelys ordered a survey of their land and found that James was encroaching on their lot with a shed, muscadine arbor, and a pile of bricks. They approached James. James disputed their findings and refused to remove the encroachments. The Neelys contacted an attorney who sent James a certified letter which was returned by the postal service marked "refused." The Neelys brought this suit seeking removal of the encroachments. James answered asserting thirty-years acquisitive prescription. The Neelys alternatively sought rescission of the sale or reduction of price from the Turners in the event James prevailed on his plea of acquisitive prescription.
Surveyors for both parties established that there are in fact encroachments on the Neelys' lot. The parties introduced evidence which included various aerial photographs, lay testimony and expert testimony. The trial court found that James failed to establish thirty-years acquisitive prescription and ordered removal of the encroachments at James' expense. The trial court also awarded $200.00 in survey costs, $500.00 in expert witness fees, $333.00 in court reporter deposition expenses, $3,000.00 in attorney's fees, and $1,500.00 for cutting of a tree and for mental pain and suffering.

ACQUISITIVE PRESCRIPTION
James first contends that the trial court erred in denying his plea of thirty-years acquisitive prescription. We disagree.
A titleholder may acquire more land than described in his title by possessing property beyond his title without interruption and within visible bounds for thirty-years. La.Civ.Code art. 794. The titleholder need not be in good faith or have just title to acquire the additional land. La.Civ.Code art. 3486. However, the party asserting acquisitive prescription must prove all of the essential facts to support it. Crowell Land & Mineral Corp. v. Funderbunk, 96-1123 (La. App. 3 Cir. 3/5/97), 692 So.2d 535. In addition, thirty-years acquisitive prescription requires that the adverse possessor must prove that he intended to possess as owner. Id. "A possessor will only be considered as possessing that part of the property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds." Phillips v. Fisher, 93-928, p. 3 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, 1307, writ denied, 94-0813 (La.5/6/94), 637 So.2d 1056; La.Civ.Code art. 3476. Constructive possession is inapplicable in cases where there is an absence of title to the disputed property. La.Civ.Code art. 3426. Finally, this court has held that these articles indicate an enclosure, such as a fence, must be maintained around the property and the adverse possessor must exercise open, physical *1301 possession as owner for a continuous and uninterrupted period of thirty years. Crowell, 692 So.2d 535; Cooper v. Farris, 491 So.2d 390 (La.App. 3 Cir.1986); Fontenot v. Marks, 430 So.2d 810 (La.App. 3 Cir.1983).
Accordingly, James bore the burden of proving both corporeal possession for the required time period and the positive intent to take and commence possession as owner. McDaniel v. Roy O. Martin Lumber Co., Inc., 560 So.2d 676 (La.App. 3 Cir.1990). Whether a party has possessed property for purposes of thirty-years acquisitive prescription is a factual determination which will not be disturbed on appeal unless manifestly erroneous. Phillips, 634 So.2d 1305.
La.Civ.Code art. 3427 establishes a presumption that a possessor intends to possess as owner unless he began to possess the property in the name of another. In this case, there has been no dispute that James intended to possess as owner. By physically possessing the land, a non-owner provides adequate notice to the record owner and the public at large that he intends to possess the property for himself as owner. Chevron U.S.A., Inc. v. Landry, 558 So.2d 242 (La. 1990).
Therefore, the only question before us is whether James had corporeal possession of the property for the required thirty years. The trial court concluded that James had failed to prove thirty-years acquisitive prescription. As we noted previously, this finding will not be disturbed absent manifest error. The evidence presented at trial is conflicting. James testified that he built a fence in 1957 that remained in place in some form ever since that time. However, two surveyors testified that the fence was not present at the time of their survey, though one allegedly found remnants of some posts. Lay testimony presented by James to establish the existence of the fence or the extent of his possession was inconclusive, with no party being able to swear to the continued location of the fence or the definite boundaries of possession. Furthermore, the additional encumbrances of the shed and grape arbor were both established to have been in existence less than the required thirty years. Likewise, expert testimony regarding aerial photographs could not establish the existence of a fence or fix a definite point of possession.
It is evident that the trial court was called upon to make credibility determinations regarding the testimony of lay and expert witnesses as well as evaluating the reliability of various forms of physical evidence. Under these circumstances, we do not find the trial court's ruling manifestly erroneous.

DAMAGES AND ATTORNEY'S FEES
James next contends that the trial court erred in awarding surveyor fees, court reporter fees, attorney's fees, and general damages for the loss of a tree and mental pain and suffering, and court costs. The Neelys contend that the award of damages for the loss of the tree and the mental anguish were inadequate and request that this court increase both awards.
There are several elements of the trial court's award to consider. First, the trial court awarded surveyor fees, court reporter deposition fees, and costs. La.R.S. 13:4533 provides that, "The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." Likewise, the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Boutte v. Nissan Motor Corp., 94-1470 (La.App.3 Cir. 9/13/95), 663 So.2d 154. The trial court awarded $200.00 for surveyor fees, $333.00 for the court reporter's deposition fees, and all costs. All of these elements are properly considered costs under La.R.S. 13:4533 and, therefore, we find no error in the trial court's award.
The trial court also awarded mental pain and suffering and damages for James cutting a pecan tree on the disputed property after this dispute arose. James contends that this award was improper. The primary basis of James' contention is that the Neelys did not properly plead damages in the body of their petition, though James concedes a demand for damages in the prayer of the petition. We disagree. This court has held that a court can award damages even though *1302 they are not demanded in the pleadings, and the pleadings contain no prayer for general and equitable relief. La.C.C.P. art. 862; Johnson v. Fuselier, 302 So.2d 721 (La.App. 3 Cir.1974); Land and Offshore Company v. Martin, 469 So.2d 1177 (La.App. 3 Cir.1985).
In the alternative, James contends these damages may not be recovered because the Neelys did not prove them. By long-standing legal principle, only actual damages are allowable and must be established with reasonable certainty, not by remote and conjectural estimates of loss. Guillory v. Terra International, Inc., 613 So.2d 1084 (La.App. 3 Cir.), writ denied, 619 So.2d 1063 (La.1993). The law, however, is also well settled that when there is a legal right to recover damages, but the amount cannot be established with precision, the courts have reasonable discretion to make an assessment based upon all of the facts and circumstances of the particular case. Id.; La.Civ.Code art. 1999. We believe this is such a case. Unlike the typical case of unlawful clearing of timber land, this case involves the cutting of a lone tree. The assessment of value based on the fair market value alone, fails to consider the aesthetic value of the tree. The property at issue is a camp-type setting, and a tree in such a setting has certain intangible value which is recognized in the court's award of general rather than specific damages. Accordingly, we find no error in the trial court's $1,500.00 award. We note that the court made the award for the cutting of the tree and mental pain and suffering. James correctly points out that the Neelys did not prove mental anguish and it is, therefore, not recoverable. However, in this case we find the award of $1,500.00 for cutting of the tree alone is not an abuse of discretion and, therefore, we will not disturb the court's global award for these elements.
Finally, the trial court awarded attorney's fees. James contends that this was error because attorney's fees are not recoverable as an element of damages. The supreme court in Rhodes v. Collier, 41 So.2d 669, 215 La. 754 (1949) held that attorney's fees are not recoverable in a civil action in the absence of a statute or contract. The court noted that previous cases which created an apparent exception for the possessory action failed to consider the applicable law. Id. The record reveals no contract providing for attorney's fees. However, La.R.S. 3:4278.1 authorizes damages equal to three times the market value and reasonable attorney's fees for the willful and intentional cutting of trees on the land of another without the consent of the owner. Accordingly, we find no error in the trial court's award of attorney's fees in the amount of $3,000.00. Furthermore, we award an additional $1,500.00 in attorney's fees for this appeal.

CONCLUSION
For the foregoing reasons the judgment of the trial court is amended to award attorney's fees of $1,500.00 for this appeal. In all other respects the trial court's judgment is affirmed. All costs of this appeal are taxed to appellant, Charles James.
AFFIRMED AS AMENDED.