|'DECUIR, Judge.
This is an appeal from an adverse ruling in a petitory action brought by the defendant who had previously prevailed in a possessory action. For the reasons that follow, we affirm.
FACTS
On May 4, 1994, Leon Joseph Thibo-deaux purchased a certain parcel of land ten feet by sixty-one feet located in Section 13, Township 9 South, Range 4 East, west of Best Subdivision, Lafayette Parish, Louisiana, from Mary Ann Crochet Calíais. The parcel falls in its entirety between property owned by Thibodeaux and property owned by the defendant, Patricia Chaisson.
Shortly after his purchase, Thibodeaux attempted to move a fence from his adjoining property onto his newly acquired parcel. Chaisson called the Sheriffs Department to restrain Thibodeaux from this action, believing herself to be the owner |2of the parcel. Subsequently, Chaisson filed a possessory action regarding the ten foot strip and was found in possession.
Thibodeaux filed this petitory action alleging title to the property and that Chaisson was in possession and refused to surrender possession. The trial court recognized Thibodeaux as legal owner and dismissed Chaisson’s claim of acquisitive prescription of thirty years. Chaisson lodged this appeal alleging the trial court erred in finding Thibodeaux to be the legal owner.
LAW AND DISCUSSION
A petitory action is brought by a person claiming ownership, but who is not in possession of immovable property, against another who is in possession or claims ownership of the immovable property. La.Code Civ.P. art. 3651. To prevail, the plaintiff in a petitory action must prove that he acquired ownership from a previous owner or by acquisitive prescription if the defendant is in possession. La.Code Civ.P. art. 3653; La.Civ.Code art. 531. The trial court found that Thibodeaux had carried his burden under these articles, and Chais-son does not appeal that finding. Instead, Chaisson contends that the trial court erred in finding that she failed to establish acquisitive prescription of thirty years. We disagree.
A titleholder may acquire more land than described in his title by possessing property beyond his title without interruption and within visible bounds for thirty-years. La.Civ.Code art. 794. The titleholder need not be in good faith or have just title to acquire the additional land. La.Civ.Code art. 3486. However, the party asserting acquisitive prescription must prove all of the essential facts to support it. Crowell Land & Mineral Corp. v. Funderburk, 96-1123 (La.App. 3 Cir. 3/5/97), 692 So.2d 535. In addition, thirty-years acquisitive prescription requires that the adverse possessor must prove that he intended to possess as owner. Id. “A possessor will [.¡only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds.” Phillips v. Fisher, 93-928, p. 3 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, 1307, writ denied, *923 94-0813 (La.5/6/94), 637 So.2d 1056; La. Civ.Code art. 3476. Finally, this court has held that these articles indicate an enclosure, such as a fence, must be maintained around the property and that the adverse possessor must exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Crowell, 692 So.2d 535; Cooper v. Farris, 491 So.2d 390 (La.App. 3 Cir.1986); Fontenot v. Marks, 430 So.2d 810 (La.App. 3 Cir. 1983).
Accordingly, Chaisson bore the burden of proving that she and her ancestors in title had both corporeal possession for the required time period and the positive intent to take and commence possession as owner. McDaniel v. Roy O. Martin Lumber Co., Inc., 560 So.2d 676 (La. App. 3 Cir.1990). Whether a party has possessed property for purposes of thirty-years acquisitive prescription is a factual determination which will not be disturbed on appeal unless manifestly erroneous. Phillips, 634 So.2d 1305.
La.Civ.Code art. 3427 establishes a presumption that a possessor intends to possess as owner unless he began to possess the property in the name of another. In this case, there has been no dispute that Chaisson intended to possess as owner. By physically possessing the land, a non-owner provides adequate notice to the record owner and the public at large that he intends to possess the property for himself as owner. Chevron U.S.A., Inc. v. Landry, 558 So.2d 242 (La.1990).
The trial court found that Chaisson had established adverse possession since 1974 at best and, perhaps, only since 1983. Since Thibodeaux acquired the property |4in 1994, the court found that Chaisson had failed to establish ownership by acquisitive prescription of thirty years.
After careful review of the record we find no manifest error in the trial court’s findings. Chaisson’s establishment of the existence of the back fence as early as 1958 does not establish adverse possession to that date. In fact, the testimony of Alvin Boudreaux, the builder of the fence, establishes that at the time of construction all the surrounding neighbors shared in maintenance of the disputed tract. Moreover, the testimony of Preston J. Barzare, the owner of the Chaisson property from 1974 to 1983, indicates that he had no intention of possessing the disputed property as owner despite his maintenance thereof. Under these circumstances, Chaisson’s assignment has no merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal arfe taxed to appellant, Patricia Chaisson.
AFFIRMED.