STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1399


WILLIAM T.  LOWERY, SR.

VERSUS

GREGORY ALLEN HERBERT, ET AL


************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST.  LANDRY, NO.00-C-3827-C,
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

************

JOHN D. SAUNDERS
JUDGE

************

Court composed of John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, J. David
Painter, and James T. Genovese, Judges.

REVERSED.

Painter, J. concurs in part and dissents in part.

Genovese, J. concurs in part, dissents in part, and assigns reasons.

Peters, J. concurs in the result.

William T.  Lowery, Jr.
Law Office of William T.  Lowery, Jr.
301 St.  Ferdinand Street
Baton Rouge, LA 70802
Counsel for Plaintiff/Appellant:
William T.  Lowery, Sr.

**Lawrence B. Sandoz, Jr.**
**Sandoz and Sandoz**
**P.O. Drawer 10**
**117 West Landry Street**
**Opelousas, LA 70571**
**Counsel for Defendants/Appellees:**
**Gregory Allen Herbert and Leslie Ellen Smith**

**SAUNDERS, J.**

This property case began as a possessory action by and between the Plaintiff, William Lowery, Sr. ("Lowery"), and Defendants, Gregory Allen Herbert and Leslie Ellen Smith ("Herbert and Smith"), pursuant to La.Code Civ.P. art. 3655, pertaining to a .42 acre tract of land and a contiguous .19 acre tract of land. As a result of their answer to Plaintiff's suit, Defendants converted this lawsuit to a petitory action under La.Code Civ.P. art. 3657, and became plaintiffs-in-reconvention by claiming ownership of, and asserting title to, the disputed property by virtue of thirty years acquisitive prescription. The trial court decreed Herbert and Smith to be the owners of the disputed property. William Lowery, Sr. appeals. We reverse.

## FACTS

The disputed property is situated on Bayou Petite Prairie in St. Landry Parish near the town of Morrow, Louisiana. Court records establish that Henry W. Lowery and Mary Lottie Gay Lowery became the owners of a 125 acre tract in 1895. In 1942, Ervin Lowery, the son of Henry and Mary Lowery, purchased a 26 acre tract contiguous to and immediately south of his parents' 125 acre tract. This 26 acre tract was burdened by a right-of-way for a public road. In March 1954, George Lowery, another son of Henry and Mary Lowery, purchased at public auction the 125 acre tract belonging to his parents; hence, the two brothers, Ervin and George Lowery, became owners of the two contiguous tracts.

The 26 acre tract owned by Ervin Lowery was transferred to his son, William Lowery, Sr., Plaintiff herein. The property owned by George Lowery was transferred to his daughter, Bonnie Lowery, who owned it until 1998, when she sold approximately 8 acres to the Defendants, Gregory Herbert and Leslie Smith. The .19

and .42 acre tracts in dispute are part of the 8 acres sold to Herbert and Smith.

In February 2000, William Lowery, Sr. discovered that Herbert and Smith had erected a fence ("new fence") on what William Lowery, Sr. claimed to be his property south of Bayou Petite Prairie, and which annexed a .42 acre tract of land. After his discovery of the new fence, William Lowery, Sr. then discovered that the sale by Bonnie Lowery to Herbert and Smith included within its description not only the .42 acre tract, but an additional .19 acre tract from the new fence to the middle of the road. William Lowery, Sr. then filed suit claiming the land inside and outside of the new fence constructed by Herbert and Smith up to the middle of the bayou. Asserting acquisitive prescription without benefit of title, Herbert and Smith answered the suit and claimed adverse possession of both tracts of land.

## LAW AND DISCUSSION

### Standard of Review

Whether a party has adversely possessed property for purposes of thirty years acquisitive prescription is a factual determination which will not be disturbed in the absence of manifest error. *Phillips v. Fisher*, 93-928 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, *writ denied*, 94-813 (La. 5/6/94), 637 So.2d 1056; *Crowell & Mineral Corp. v. Funderburk*, 96-1123 (La.App. 3 Cir. 3/5/97), 692 So.2d 535. Despite having to give deference to a trial court's factual findings, an appellate court can conclude that such findings by a trial court are manifestly erroneous or clearly wrong, even when ostensibly based upon a credibility determination, "where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit

2

the witness's story." *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993); *Toston v. Pardon*, 03-1747, p. 12 (La. 4/23/04), 874 So.2d 791, 800.

**Burden of Proof**

By asserting title to the property in themselves, Herbert and Smith converted the original possessory action into a petitory action pursuant to La.Code Civ.P. art 3657, which provides in part:

> When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.

Once converted, the burden of proof is upon Herbert and Smith to prove their ownership by thirty years acquisitive prescription. *Blaise v. Smith*, 01-1512 (La.App. 3 Cir. 3/6/02), 809 So.2d 1253; *Sylvester v. Qualls*, 520 So.2d 1030 (La.App. 3 Cir. 1987).

**Statements by George Lowery**

William Lowery, Sr. attempted to introduce statements allegedly made to him by his deceased uncle, George Lowery, concerning the property line between the original 125 acre tract and his 26 acre tract. The trial court sustained defense counsel's objection to the testimony as hearsay. Plaintiff asserts that the statements were admissible under La.Code Evid. arts. 804(A)(4), 804(B)(3) and 803(3). Plaintiff proferred the excluded testimony.

In brief, William Lowery, Sr. argues that the statements made by George Lowery, now deceased, were admissible since the declarant was unavailable under La.Code Evid. art. 804, and thus, verbal testimony from that individual should not

3

have been excluded by the hearsay rule. Plaintiff relies upon the language in 804(B)(3) to conclude that the statements made by George Lowery to William Lowery, Sr. were admissible as statements "so far contrary to the declarant's pecuniary or proprietary interest . . . " as to render invalid any claim by Bonnie Lowery that her father, George Lowery, believed his property boundary was the middle of the road and that he was possessing the disputed property as owner. Alternatively, Plaintiff contends that the statements of George Lowery were his then existing state of mind as to where he thought the property line was, and whether or not he was possessing as owner. Therefore, William Lowery, Sr. contends that George Lowery's statements should not have been excluded by the hearsay rule. We disagree.

The fact that George Lowery was deceased and thus "unavailable" to testify at trial under La.Code Evid. art. 804(A)(4) is undisputed. However, this fact alone does not make all statements allegedly made by him admissible. To constitute a statement against interest under 804(B)(3), the Plaintiff must show that at the time George Lowery made the statements, they were so far contrary to his interest that as a reasonable man, George Lowery would not have made the statements unless he believed them to be true. However, there was not any dispute regarding the property boundary at the time the alleged statements were made. Therefore, even if made by the declarant, the statements were not contrary to his interest in the property which he possessed.

The statements are also not admissible under 803(3) since the statements were not offered to prove George Lowery's then existing condition or his future action. To the contrary, the statements are more akin to "statement[s] of memory or belief"

4

which under 803(3) are "not admissible to prove the fact remembered or believed unless it relates to the execution, revocation, identification or terms of declarant's testimony."

This court discussed hearsay testimony in *Ratcliff v. Normand*, 01-1658, p. 5 (La.App. 3 Cir. 6/5/02), 819 So.2d 434, 438, reasoning as follows:

> Generally, hearsay evidence is inadmissible if objected to in a court of law because its truthfulness cannot be tested properly in the absence of the alleged utterer. However, hearsay may be admitted, over objections, if the testimony appears to be reliable and if there is a minimum of prejudice to the objecting party. The purported statement of an unavailable party should be excluded if the court finds that it is not trustworthy, not necessary, and proper notice was not given to the opposing party.

*Id*. at 438 (footnotes omitted).

In the instant matter, the statements of George Lowery lack an indicia of reliability. This court notes that the Plaintiff is the party attempting to introduce the statements of George Lowery which statements were allegedly made to him. In this context, the statements are self-serving to the Plaintiff's cause. Moreover, the truthfulness of the statements cannot be properly tested. Finally, the prejudice to the Defendants by admission of the statements is paramount as the statements address the very fact required to be proven for purposes of acquisitive prescription; namely, whether or not George Lowery possessed the property in dispute as owner. For the foregoing reasons, we find that the trial court did not err in excluding the testimony of William Lowery, Sr. regarding statements allegedly made to him by George Lowery.

**The .42 acre tract**

Herbert and Smith claim title to the .42 acre tract based upon thirty year

acquisitive prescription within a visible boundary by virtue of a now nonexistent fence line. To have acquired title to this property they must prove what property was actually possessed. The possession must be continuous, uninterrupted, peaceable, public and unequivocal. La.Civ.Code arts. 3424 and 3425; *Phillips*, 634 So.2d 1305; *Crowell*, 692 So.2d at 537. The trial court concluded that Herbert and Smith met this burden and found that the old fence line was the visible boundary. We disagree.

All parties agree that an old fence line once existed; however, there is insufficient evidence indicating the precise location of that fence. After reviewing a plat of the area in question, it is evident that the fence must have curved along a bayou. Accordingly, a detailed description of the fence's location or several points of reference are needed to accurately demonstrate exactly what land was actually possessed. No such evidence is present here.

Bonnie Lowery could not specifically demonstrate where this curved fence line ran. Furthermore, William Lowery Sr. was also unable to provide a specific location for the fence merely noting that it was farther away from the road than the new fence. Finally, remnants of the old curved fence were only found on two trees, one of which is outside of the disputed area. Based upon this evidence, Herbert and Smith cannot sufficiently carry their burden of proof. Without demonstrating precisely where the old fence ran, they cannot show exactly what land was possessed. We reverse the trial court's judgment in this regard.

**The .19 acre tract**

The .19 acre tract, south of the .42 acre tract, is that portion of the disputed land from the middle of the road to the new fence erected by Herbert and Smith. As

6

adverse possessors without benefit of title, Herbert and Smith's ownership could only extend to that property which was actually possessed. La.Civ.Code arts. 3426 and 3487. The evidence in the record of possession or use of the property in dispute pertained only to that portion located north of the old fence line, which comprised the .42 acre tract discussed above. Specifically, with regard to the .19 acre tract, Herbert and Smith failed to show that they or their ancestors-in-title ever adversely possessed any property outside the old fence line south of the .42 acre tract. The record is devoid of any such proof relative to the .19 acre tract. Therefore, Herbert and Smith failed in their burden of legally proving the requisite adverse possession for establishing thirty year acquisitive prescription as to the .19 acre tract of land. We also reverse the trial court in this regard.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court decreeing Herbert and Smith to be the owners of the .42 and .19 acre tracts and render judgment decreeing William Lowery, Sr. to be the owner of the .19 and .42 acre tracts. Costs of this appeal are assessed against the Defendants.

**REVERSED.**

WILLIAM T. LOWERY, SR.

VERSUS

GREGORY ALLEN HERBERT, ET AL

**PAINTER, J., concurs in part, and dissents in part.**

**GENOVESE, J., concurs in part, dissents in part, and assigns reasons.**

I concur with the majority as to all aspects of this appellate court judgment, except for that portion of the judgment pertaining to the .42 acre tract from which I respectfully dissent. I agree with the majority that the Defendants failed to prove the requisite adverse possession for establishing thirty year acquisitive prescription as to the .19 acre tract.

Conversely, there was more than sufficient proof of adverse possession establishing thirty year acquisitive prescription on the .42 acre tract. Even discounting the testimony of Bonnie Lowery, the testimony of the farmer, J. L. Fruge, a disinterested witness, and that of the expert, Michael Taylor, more than meet the legal burden of proof required by the Defendants to establish the requisite adverse possession for thirty year acquisitive prescription on the .42 acre tract. More importantly, the trial court certainly did not commit manifest error, nor was it clearly wrong, in finding that the Defendants established the requisite adverse possession for thirty year acquisitive prescription on the .42 acre tract. I would affirm the trial court judgment in favor of the Defendants as to the .42 acre tract.