729 So.2d 25 (1999)
Joseph E. DUGAS, Jr.
v.
AUTOMOTIVE CASUALTY INSURANCE CO. and Daniel Medrzycowski.
No. 98-CA-807.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
*26 Joseph E. Dugas, III, New Orleans, LA, for Plaintiff-Appellant.
Timothy G. Schafer, New Orleans, LA, for Defendant-Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and MARION F. EDWARDS.
DUFRESNE, Judge.
This case involves an automobile accident which occurred on September 22, 1995, in Jefferson Parish between a vehicle owned and operated by Joseph Dugas, and one owned and operated by Daniel Medrzycowski. As a result of injuries sustained in the accident, Mr. Dugas filed a petition for damages against Daniel Medrzycowski as driver of the vehicle and his automobile insurer, Automotive Casualty Insurance Company. Mr. Dugas subsequently filed a supplemental and amending petition naming as an additional defendant United Services Automobile Association (hereinafter referred to as "USAA"), his own automobile insurer. USAA was sued pursuant to the uninsured/underinsured, medical payments, and excess coverage provisions of Mr. Dugas' insurance policy. In this supplemental petition, plaintiff alleged, in part, that his own insurer, USAA, violated the provisions of LSA-R.S. 22:658 and 22:1220 by failing to timely pay his medical bills and by failing to pay his claim within sixty days after receipt of satisfactory proof of loss. Pursuant to these violations, the plaintiff sought to recover penalties and attorney's fees, in addition to compensatory damages.
Mr. Dugas subsequently settled his claims against Daniel Medrzycowski and Automotive Casualty Insurance Company for the policy limits of $10,000.00, and they were dismissed from the lawsuit.
The matter thereafter proceeded to trial against USAA on September 8, 9, and 10, 1997. Prior to the actual jury selection, USAA suggested that the issue of compensatory damages be tried separately from the issues of bad faith, penalties and attorney's fees. The trial judge so ordered despite an objection by plaintiffs counsel. At the conclusion of the compensatory damages phase, the jury found in favor of Mr. Dugas and awarded him $10,000 for past and future pain and suffering and $5,000.00 for past and future medical expenses.[1] Following the jury's verdict of $15,000.00 for compensatory damages, USAA moved for a directed verdict on the issues of bad faith, penalties and attorney's fees. The judge granted the directed verdict and rendered judgment in favor of defendant and against Joseph Dugas, dismissing his claims for penalties, attorney's fees and damages pursuant to LSA-R.S. 22:658 and 22:1220. The plaintiff thereafter filed a motion for new trial, alleging that the trial judge was without authority to order separate damages trials, without the consent of all parties. Following a hearing, the trial judge denied plaintiff's motion for new trial.
The plaintiff now appeals, claiming that the trial court erred in ordering that the issue of *27 compensatory damages be tried separately from the issues of bad faith, punitive damages and attorney's fees, absent the consent of all parties. The plaintiff also argues that the trial court erred in granting defendant's motion for directed verdict on the claims raised pursuant to LSA-R.S. 22:658 and 22:1220, without allowing the submission of testimony and evidence on those issues.
We will first consider whether the trial judge acted properly in ordering that the issue of compensatory damages be tried separately from the issues of bad faith, punitive damages, and attorney's fees. The trial judge, in denying plaintiff's motion for new trial on this issue, reasoned as follows:
I ordered in this case, pursuant to Article 1632 of the Code of Civil Procedure, that the Order of a-of what I, in my mind, deemed to be one trial, be altered because I believed that circumstances justified altering the Order of Trial.
I ordered that the parties conduct one Voir Dire, and in that Voir Dire of the jury address issues with regard to both the compensatory and the punitive damage claims, refraining from giving the specifics that would be admissible in the punitive damage trial, but not the compensatory trial.
I then ordered the parties to give their opening statements only on the compensatory case, and thereafter, in the normal order of trial, present their evidence to the jury, Plaintiff, Defense, Plaintiff, Close, on the issues relevant to the compensatory claim only.
I ordered that the jury would then be-would leave to deliberate, and immediately upon the conclusion of the jury's deliberations, the parties would address by opening statement the punitive damage claims, and then the same course of trial would continue, and the jury would go out and deliberate in the punitive damage claim. In this-the trial of the case concluded the compensatory damage case, and the jury came back with a verdict ....fifteen. That was very close to what was tendered by way of McDill (Phonetic), and payment of some other items. And therefore, I granted involuntary dismissal with regard to the punitive damage claim.
The intent would have been to immediately go forward with the punitive damage evidence to the same jury. In my mind, that is an alteration of the Order of Trial, to permit appropriate evidence to go to the jury on the compensatory claim, and thereafter, appropriate evidence to go to the jury on the punitive damage claim.
It's my understanding that the Plaintiff sees this as two trials; I see this as one trial. So, I am denying the ... Motion for a New Trial.
LSA-C.C.P. art. 1631A provides that "[t]he court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." LSA-C.C.P. art. 1632 further provides:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.
The trial court has great discretion in the manner in which proceedings are conducted before his court, and it is only upon a showing of gross abuse of discretion that appellate courts have intervened. Harris v. West Carroll Parish School Bd., 605 So.2d 610 (La.App. 2 Cir. 1992), writ denied, 609 So.2d 255 (La. 1992).
In the present case, we find that the trial judge, pursuant to LSA-C.C.P. arts. *28 1631 and 1632, had the inherent authority to conduct the trial in the manner in which she did. By separating the issues, the judge clearly helped to prevent jury confusion insofar as some items of evidence would have been admissible in the penalties phase of the trial but not in the compensatory damages phase. While we find that the trial judge acted properly in this regard, we find that she subsequently erred in granting defendant's motion for directed verdict on the claims for penalties, attorney's fees and damages pursuant to LSA-R.S. 22:658 and 22:1220, without allowing submission of testimony and evidence on those issues.
LSA-C.C.P. art. 1810 provides for directed verdicts as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A motion for a directed verdict is a procedural device available in trials by jury with an eye toward judicial economy. The motion is appropriately made at the close of the evidence offered by the opposing party and should be granted when, after considering all of the evidence in the light and with all reasonable inferences most favorable to the movant's opponent, it is clear that the facts and inferences point so overwhelmingly in favor of granting the verdict, that reasonable jurors could not arrive at a contrary result. Conrad v. Doe, 95-518 (La.App. 5 Cir. 11/28/95), 665 So.2d 542, writ denied, 95-3092 (La. 2/16/96), 667 So.2d 1058; King of Hearts, Inc. v. Wal-Mart Stores, 27,137 (La. App. 2 Cir. 8/23/95), 660 So.2d 524. However, if there is evidence produced in opposition to the motion that has such quality and weight that reasonable and fair minded men exercising impartial judgment might reach different conclusions, then the motion should be denied and the case should be submitted to the jury. Conrad v. Doe, supra.
The trial court has much discretion in determining whether or not a motion for a directed verdict should be granted. Joseph v. Cannon, 609 So.2d 838 (La.App. 5 Cir. 1992), writ denied, 623 So.2d 1330 (La. 1993). The standard of review for the appellate court is whether, viewing the evidence submitted, reasonable people could not reach a contrary result. Moreover, the propriety of a directed verdict must be evaluated in light of the substantive law related to the claims. Belle Pass Terminal, Inc. v. Jolin, Inc., 92 1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094; Conrad v. Doe, supra.
In granting defendant's motion for directed verdict on the issues of bad faith and penalties, the trial judge stated as follows:
Given that the jury returned a verdict of $15,000 and the payment made to the plaintiff to this point is 12,500, and USAA's position has been that that was adequate compensation, the difference between that and the jury's verdict is diminimous; and, therefore, I'm going to grant the motion for a directed verdict, because the jury in essence has told us that their valuation of the case is consistent pretty much with USAA's and, therefore, it would be difficult to argue that USAA is in bad faith.
In the present case, we find that the trial judge erred in granting the defendant's motion for a directed verdict without allowing the submission of evidence as to plaintiff's claims of bad faith, penalties, and attorney's fees pursuant to LSA-R.S. 22:658 and 22:1220. During the first phase of the trial, the plaintiff was limited to introducing evidence relating to compensatory damages and was specifically excluded from introducing evidence relating to his bad faith claims. Having no evidence introduced regarding the claims raised pursuant to LSA-R.S. 22:658 and 22:1220, the trial judge was not in a position to grant a directed verdict on those issues.
*29 Accordingly, we affirm the jury verdict awarding Mr. Dugas the sum of $15,000.00 but reverse the judgment of the trial court granting a directed verdict on the issues raised pursuant to LSA-R.S. 22:658 and 22:1220. We remand the matter for further proceedings consistent with this opinion.
AFFIRMED IN PART, VACATED IN PART, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] As USAA had already tendered the sum of $20,000.00 to Mr. Dugas, the court, considering the credits due, issued a written judgment in favor of defendant and against plaintiff, dismissing plaintiff's lawsuit with prejudice.