786 So.2d 142 (2001)
Darene H. REED
v.
COLUMBIA/HCA INFORMATION SYSTEMS, INC. d/b/a Lakeside Hospital and XYZ Insurance Company.
No. 00-CA-1884.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
Writ Denied June 22, 2001.
*143 Catherine J. Smith, George A. Blair, III, New Orleans, LA, Attorneys for Appellant Darene H. Reed.
Aldric C. Porier, Jr., Jeffrey W. Bennett, Blue Williams, L.L.P., Metairie, LA, Attorneys for Appellee Medical Center of Baton Rouge, d/b/a Lakeside Hospital.
Panel composed of Judges DUFRESNE, CANNELLA and McMANUS.
CANNELLA, Judge.
Plaintiff, Darene H. Reed, appeals from the directed verdict in favor of Defendant, Columbia/HCA Information Systems, Inc., d/b/a Lakeside Hospital. For the reasons which follow, we affirm.
On April 26, 1995, Plaintiff filed a petition alleging that on April 27, 1994 she had *144 sustained an injury in Defendant hospital when there was a neighborhood power outage, which triggered the automatic closing of the fire doors. When the lights went out, Plaintiff was standing in the hallway in the area of a doorway and was struck in the arm when the doors closed. She testified that she was struck within about 3 seconds after the lights went out. She contends that she sustained injury to the ulnar nerve of her right arm. The back-up generators were activated automatically by the power loss. The lights came back on and the doors opened within several seconds to a minute, although there is a discrepancy in the testimony as to how long the lights were out.
Plaintiff filed suit against Defendant. Following a pre-trial conference on November 14, 1997, trial was originally set for May 4, 1998. Witness lists were due on March 19, 1998 and a discovery cut-off date of April 4, 1998 was set. On August, 21, 1997, Defendant propounded interrogatories to Plaintiff requesting the names of any expert witness whom he intended to call at trial. Plaintiff never answered the interrogatory. On March 24, 1998, Plaintiff noticed the depositions of two defense witnesses who were listed on the defense witness list, Adolfo Girau (Girau) and Bruce Reese (Reese). By correspondence dated March 25, 1998, Plaintiff was notified by Defendant that it had to substitute witnesses for Girau and Reese, because they no longer worked for Defendant and they could not be produced. Thus, Alan Worley, also an employee of Defendant at the time of the alleged accident, was substituted for Girau and Marvin Jackson was substituted for Reese, for the April 2, 1998 deposition. On March 30, 1998 Defendant filed a motion to amend the witness list with these substitutions, which was granted ex parte. On April 2, 1998, although defense counsel and the witnesses appeared at plaintiff counsel's office for the depositions, Plaintiffs counsel, without notice, was not present. On April 3, 1998, Plaintiff filed a motion to quash the substitution of witnesses. A hearing on Plaintiffs motion was set for April 16, 1998. Following the hearing, the trial court upheld its ruling allowing the substitution of witnesses by Defendant. On April 23, 1998, Plaintiff filed a motion for leave of court to amend her witness list by adding "A representative from the Fire Marshall's [sic] office" and "A representative from Johnson Controls." Plaintiff also filed a motion to compel discovery. The motion was set for April 27, 1998. Plaintiff's counsel was not present for the hearing. The trial court denied the motion to compel and reserved to Defendant the right to object to or later strike Plaintiffs witnesses. On June 1, 1998, Defendant again requested that Plaintiff provide the names of the un-identified "representatives" who were to testify. When Plaintiff again failed to comply with the request, Defendant filed a motion to strike or, alternatively, a motion to compel discovery. Although the trial had been set for August 17, 1998, the hearing on the motion to strike was held instead. At the hearing, Plaintiff admitted that she still did not have the names of the "representative" witnesses. However, she argued that, since she only intended to use them for rebuttal, she did not have to disclose their names. The trial court ruled in favor of Defendant striking the witnesses. Trial was reset for January 19, 1999.
Following the presentation of Plaintiffs case, on January 19, 1999, Defendant moved for a directed verdict. The trial court did not rule on the motion at that time, but ordered the Defendant to present its case. Following the presentation of the Defendant's case, the trial court granted the directed verdict and dismissed *145 Plaintiff's suit. It is from this judgment that Plaintiff appeals.
On appeal, Plaintiff assigns two errors. Her primary argument is that the trial court erred in granting the directed verdict because the evidentiary inferences were not so overwhelmingly in favor of the Defendant that reasonable men could not arrive at a contrary verdict. More particularly, Plaintiff points out that she presented several witnesses who established that the power, and therefore the lights, were out for an extended period of time, possibly several minutes. She also argues that the Defendant's witnesses were allowed to testify beyond their expertise.
Defendant argues, to the contrary, that Plaintiff simply did not meet her burden of proof. The basis of Plaintiffs case was that the fire door, together with the power outage, created an unreasonable risk of harm to her. She only called three lay witnesses and her treating physician. The lay witnesses testified variously about how long the power was out before the lights came on. Plaintiff admitted, however, that she was struck by the door within 3 seconds of the power outage. Plaintiff presented no evidence establishing that a 3 second power outage was unreasonable or unreasonably dangerous. Plaintiff simply did not prove her case and the trial court was correct in granting the directed verdict. Moreover, the Defendant established that industry standards, through the National Fire Protection Association and the Life Safety Code, allow for a 10 second power outage. Therefore, Defendant cannot be held liable to Plaintiff for the injury which she suffered within 3 seconds of the power outage.
La. C.C.P. art. 1810 provides for directed verdicts as follows:
A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.
A motion for a directed verdict is a procedural device available in trials by jury with an eye toward judicial economy. The motion is appropriately made at the close of the evidence offered by the opposing party and should be granted when, after considering all of the evidence in the light and with all reasonable inferences most favorable to the movant's opponent, it is clear that the facts and inferences point so overwhelmingly in favor of granting the verdict, that reasonable jurors could not arrive at a contrary result. Dugas v. Automotive Cas. Ins. Co., 98-807 (La.App. 5th Cir.2/10/99), 729 So.2d 25; Conrad v. Doe, 95-518 (La.App. 5th Cir.11/28/95), 665 So.2d 542, writ denied, 95-3092 (La.2/16/96), 667 So.2d 1058; King of Hearts, Inc. v. Wal-Mart Stores, 27,137 (La.App. 2nd Cir.8/23/95), 660 So.2d 524. However, if there is evidence produced in opposition to the motion that has such quality and weight that reasonable and fair-minded men, exercising impartial judgment, might reach different conclusions, then the motion should be denied and the case should be submitted to the jury. Dugas v. Automotive Cas. Ins. Co., supra.
The trial court has much discretion in determining whether or not a motion for a directed verdict should be granted. Joseph v. Cannon, 609 So.2d 838 (La. *146 App. 5th Cir.1992), writ denied, 623 So.2d 1330 (La.1993). The standard of review for the appellate court is whether, viewing the evidence submitted, reasonable people could not reach a contrary result. Moreover, the propriety of a directed verdict must be evaluated in light of the substantive law related to the claims. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La. App. 1st Cir.3/11/94), 634 So.2d 466, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094; Dugas v. Automotive Cas. Ins. Co., supra.
In granting the Defendant's motion for directed verdict, the trial judge stated as follows:
The plaintiff theorized the auxiliary power should have started up simultaneously with the power outage, The plaintiff offered no proof or introduced any evidence which placed such a burden upon the defendant. The plaintiff argued the fire doors were unreasonably hazardous; but again, no proof or evidence was submitted in support of this position.
* * *
In this case, the plaintiff offered no proof the fire door and/or the self-generating power system created an unreasonably dangerous condition(s). For that matter, there was no proof by the plaintiff that even any dangerous condition existed. The only facts which the plaintiff proved was being struck by a fire door during a power outage at the defendant's facility. There was no other proof, by expert or lay testimony, to create an issue as to whether or not the fire door and/or the self-generating power system were defective and/or unreasonably dangerous.
In reviewing the propriety of the directed verdict in light of the substantive law applicable to Plaintiff's claim, we find no error in the trial court ruling granting the directed verdict. Plaintiff simply did not meet her burden of proof. Considering all of the evidence presented by Plaintiff, there was no evidence presented of a dangerous condition, unreasonably so or not, upon which reasonable people could find the Defendant liable for the injuries which Plaintiff sustained within 3 seconds of the power outage. Moreover, if the evidence presented by the Defendant is also considered, it is clear that the operation of the fire doors and the self-generating power system were within the code standards.
Therefore, we find no merit in Plaintiff's argument that the trial court erred in rendering the directed verdict in favor of the Defendant based on the record before us.
Next, Plaintiff argues that the trial court erred in its pre-trial ruling striking witnesses from her witness list. She contends that this ruling, preventing her from calling these witnesses, is what prevented her from putting on the necessary evidence to support her case.
Defendant argues that the trial judge's ruling was well within his discretion in these matters. More than 4 years from the date of the alleged accident, Plaintiff was still refusing to name the witnesses. She only specified "representatives" from the Fire Marshal's office and from Johnson Controls. She did not answer interrogatories or requests for the names. At the hearing on the motion to strike, which was held on the date on which the case was set for trial, well after discovery cutoff dates, Plaintiff still did not have the names of the witnesses. Further she stated that she was only going to use them for rebuttal. Finally, Defendant points out that Plaintiff did not produce the witnesses at trial for proffer and has argued nothing that shows specifically how she was prejudiced.
*147 This Court has recently addressed the question of whether a trial court can preclude witnesses from testifying because of non-compliance with a pre-trial order. In Dufrene v. Willingham, 97-1239 (La.App. 5th Cir.10/28/98), 721 So.2d 1026, writs denied, 99-0032 (La.3/12/99), 739 So.2d 212, we held
Whether or not witnesses, expert or otherwise, are permitted to testify is within the trial judge's discretion. Only when this discretion is abused is such a decision reversal on appeal. See Buxton v. Evans, 478 So.2d 736 (La.App. 3rd Cir.1985), writs denied at 479 So.2d 921 (La.1985), and other cases with similar holdings. Here, we cannot say the trial judge abused his discretion, inasmuch as his pretrial order was not complied with.
Similar to Dufrene, we find no abuse of the trial judge's discretion in this case. The pre-trial order was not followed. Interrogatories were not answered. The trial date came and Plaintiff still did not have the names of the witnesses who she intended to call. Even on the date of the hearing on the motion to strike, Plaintiff did not produce the names of the witnesses. Rather, she argued that she would use them as rebuttal witnesses and refused to provide the names. Further, Plaintiff did not proffer the testimony of these witnesses and has not provided us with any argument addressing what the witnesses would have said and how she was prejudiced. Based on the facts of this case, and the lengthy pre-trial process involved herein, we find no abuse of the trial judge's discretion in striking from Plaintiffs witness list two witnesses who were, even then, still unnamed.
Moreover, even if the trial court decision striking the witnesses was error, Plaintiff did not lose her case because she could not present her rebuttal witnesses. She lost it on a directed verdict because she did not prove her case in chief, before rebuttal witnesses were called.
Accordingly, for the reasons stated above, we affirm the trial court judgment directing a verdict for the Defendant and dismissing Plaintiff's case. Costs of appeal are to be paid by Plaintiff.
AFFIRMED.